# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SOLOMON SEALS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-2515-SNLJ |
| | ) | |
| CINDY GRIFFITH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Missouri inmate Solomon Seals for leave to commence this civil action, brought pursuant to 42 U.S.C. § 1983, without prepayment of the required filing fee. The motion will be denied, and this case will be dismissed without prejudice.

Plaintiff, a prisoner and a frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. It provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated more than three strikes. *Seales v. Groose*, *et al.*, Case No. 2:95-cv-4187-SOW (W.D. Mo. Jul. 17, 1995); *Seales v. Moorish Science Temple*, Case No. 2:95-cv-4246-SOW (W.D. Mo. Sept. 14, 1995); *Seales v. Groose*, *et al.*, Case No. 2:96-cv-4053-FJG (W.D. Mo. Apr. 22, 1996); *Seales v. Groose*, *et al.*, Case No. 2:96-cv-4232-NKL (W.D. Mo. Oct. 8, 1996); *Seals v. Kemna*, Case No. 5:98-cv-6153-HFS (W.D. Mo. Nov. 30, 1998); *Seales v. Kemna*, Case No. 5:98-cv-6157-HFS (W.D. Mo. Nov. 17, 1998). Therefore, he may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The instant complaint is a long, nonsensical narrative. For example, plaintiff refers to himself as "King, Solomon Seals-Supalus The Adept Chamber of the Moorish Science Temple of America, 3rd Heaven." (Docket No. 1 at 1). He alleges he is "the only 'citizen' in the whole world," the "only true & Divine Warden," the only Magistrate Judge and attorney, and is the "real King." (*Id.* at Docket No. 1 at 5, 13). He asks this Court to give him a "Pardon," monetary damages in the amount of "$700,707,700 Zillion Dollars & all wealth, gold, silver & commerce" so that he may continue to be "the only king in the world," and to incarcerate the defendant for 2,000 years. (*Id.* at 13). None of these allegations amount to imminent danger of serious physical injury. The Court will therefore deny the instant motion, and dismiss this action without prejudice to the filing of a fully paid complaint.

Even if plaintiff were not subject to § 1915(g), the complaint would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is factually frivolous. An action is factually frivolous if the facts alleged are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Alleged facts are clearly baseless if they are "fanciful," "delusional," or

"fantastic." *Id.* In this case, the allegations in the complaint are factually frivolous as defined in *Denton*.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 5th day of October, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE